SCOTT v. BROCKWAY.

Where the issues are submitted to the court, and its verdict is against the evidence, the judgment will be reversed.

Error to St. Louis County Court.

*Opinion of the Court by Napton, Judge.*

Scott sued Brockway by petition in debt on a note for $308, and upon making the necessary affidavit, sued out an attachment. The defendant plead several pleas to the action, and a plea in abatement, denying that he had fraudulently conveyed, concealed, or disposed of any of his property for the purpose of hindering, delaying, or defrauding his creditors, as in the affidavit of plaintiff had been alleged. The plaintiff joined issue on these pleas, and the issues were submitted to the court, who found for the defendant. Plaintiff moved for a new trial, on the ground that the verdict was against evidence, which motion was overruled.

The bill of exceptions contains all the testimony, which is in substance as follows : George Scott, a brother of the plaintiff, testified, that the defendant in Sept., 1839, bought a piano of Johnstone, Dreyer, & Trowbridge, and giving the plaintiff the money to pay for it, told him to take the receipt in the name of Henry Brockway (the defendant's brother,) in order that the piano might be secured from the creditors of defendant. Charles Scott, another brother of plaintiff, testified that about the same time, defendant met him and told him that he had just made one hundred dollars by the purchase of a piano for one hundred and eighteen dollars, which was worth two hundred and eighteen dollars, and

6

Scott
v.
Brockway.

Where the
issues are sub-
mitted to the
court, and its
verdict is a-
gainst the
evidence, the
judgment will
be reversed.

that upon being asked by the witness if he was not afraid his creditors would take it, he (defendant) answered, he was too smart for that, for he had the receipt for the price of the piano made in the name of his brother Harry Brockway. It was also in proof that the piano had always remained in the possession of the defendant from the time of his aforesaid purchase thereof; and while so in his possession, he had it repaired.

Upon this evidence the court found for the defendant, I could not say that the testimony was entirely conclusive of actual fraud, but unless rebutted or explained, it seems to be a pretty strong prima facia case. The verdict was in my opinion against the evidence, and its judgment will therefore be reversed.